

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSEPH ANTONIO RESVALOSO, | No. 16-56427 |
| Petitioner-Appellant, | D.C. No. 5:14-cv-00026-CJC-SP |
| v. | |
| J. SOTO, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted March 5, 2018**
Pasadena, California

Before: Reinhardt and Nguyen, Circuit Judges, and Settle,*** District Judge.

Petitioner-Appellant Resvaloso appeals the district court's order denying his

petition for a writ of habeas corpus. His first trial ended in mistrial. After a second

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Benjamin H. Settle, United States District Judge for the Western District of Washington, sitting by designation.

trial, the jury found Resvaloso guilty of second degree murder and further found that he personally discharged a firearm from a moving vehicle. Resvaloso argues that his conviction was obtained in violation of *Harrison v. United States*, 392 U.S. 219 (1968), because he was effectively compelled to testify at the first trial as a result of the trial court's erroneous ruling that his unlawfully-obtained statement was admissible, and at the second trial as a result of that trial court's ruling that his previous trial testimony was voluntary and thus admissible even if his statement was not. We review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and we affirm.

**1.** The California Court of Appeal's determination that Resvaloso "chose to testify voluntarily and to introduce his recorded statement as part of his defense" in his first trial was not an objectively unreasonable determination of the facts under 28 U.S.C. § 2254(d)(2). *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). First, Resvaloso himself explained why he took the stand in both trials: "he wanted to explain what had happened." Although his counsel emphasized at the hearings on the motions to suppress that the only reason her client would take the stand would be in response to the trial courts' rulings on admissibility, it was not objectively unreasonable for the state court to defer to Resvaloso's explanation over his counsel's. Second, it was not unreasonable to conclude that Resvaloso's preemptive decision to

2

take the stand was a "tactical decision" because "the prosecution did not introduce any evidence of defendant's prior testimony or his recorded statement in its case-in-chief in either the first or the second trial." Third, "substantial circumstantial evidence supported the jury's conviction," and Resvaloso conceded in his state-court brief that "[a]side from pointing to the insufficiency of the People's case, his only real defense was self defense, which required his testimony to establish." The *Harrison* exclusionary rule does not apply where the defendant "may have been motivated to take the witness stand in the first place only by reason of the strength of the lawful evidence adduced against him." *Harrison*, 392 U.S. at 222. Because the California Court of Appeal's findings are "supported by substantial evidence in the state court record," *Hibbler*, 693 F.3d at 1146, we cannot say that the state court was objectively unreasonable in concluding that Resvaloso testified voluntarily.

**2.** We also cannot say that the California Court of Appeal unreasonably applied *Harrison* under 28 U.S.C. § 2254(d)(1). Unlike in *Harrison*, the prosecution here did not introduce the unlawfully-obtained statement in its case-in-chief, thereby giving rise to a new and different legal issue. Even if there were good reasons to extend *Harrison*'s exclusionary rule to that new legal question, it was not an "unreasonable application" of that case for the California Court of Appeal to decline to do so. *See Loher v. Thomas*, 825 F.3d 1103, 1112 (9th Cir.

3

2016) (citing *White v. Woodall*, 134 S. Ct. 1697, 1706 (2014)).

**AFFIRMED**